(No. 6264

J. F. EDWARDS CONSTRUCTION COMPANY, An Iowa Corporation licensed to do business in the State of Illinois, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 23, 1972.*

HERBERT M. SPECTOR, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant filed an action against the respondent based upon a contract entered into on June 11, 1970.

Claimant alleges that the State of Illinois entered into said contract with claimant for the installation of an underground electrical system and street lighting improvements at the Galesburg State Research Hospital, Galesburg, Illinois.

The allegations are as follows:

"4. That the State has paid, heretofore, the sum of $734,268.12. That said Defendant has refused to pay $3,200.00 of said contract price after a reasonable demand has been made for said amount by the Plaintiff.

"5. That said $3,200.00 is payment for a System Diagram Board as required by paragraph 2160 of said contract. Said System Diagram Board has been installed and accepted by the State of Illinois."

It is the contention of the State that $850.00 is the balance due claimant under the contract.

Article 2160 of the contract provides that each

contractor bidding on the job should "figure in his bid the sum of Three Thousand Two Hundred Dollars ($3,200.00) for the installation of a System Diagram Board . . . ."

Article 2160 then directs the contractor to "see Article 22 of General Conditions of the contract."

Article 22 reads as follows:

*"CASH ALLOWANCES:*

"The contractor shall include in the contract sum, allowances named in the Contract Documents, and shall cause the work so covered to be done by such contractors and for such sums as the Supervising Architect may direct, the contract sum being adjusted in conformity therewith. The contractor declares that the contract sum includes all expenses and profits on account of cash allowances. No demand for expenses or profit other than those included in the Contract sum shall be allowed. The contractor shall not be required to employ, for any such work, a subcontractor against whom he has a reasonable objection."

A re-statement of Article 2160 and Article 22 would be as follows:

a) Each contractor bidding on the Galesburg Hospital Contract shall arbitrarily figure in his bid the sum of $3,200.00 for the purchase price of a "System Diagram Board."

b) In the course of performing the contract, the contractor shall purchase the System Diagram Board from such subcontractor or supplier and at such price as directed by the Supervising Architect, and cause the same to be installed.

c) The total contract bid sum shall be adjusted (up or down) according to the actual amount of money spent by the contractor in the purchase of the System Diagram Board.

d) If the purchase price of the board which the Supervising Architect shall direct the contractor to buy is less than $3,200.00, the contractor shall not be required to adjust the portion of the total contract bid sum which represents his profit percentage based on the bid figure of

$3,200.00; but if the purchase price of the board is more than $3,200.00, the contractor shall not be permitted to ask for an additional profit percentage based on a purchase price in excess of $3,200.00.

e) The contractor shall present no separate or additional demands for any other expenses incurred in the purchase or installation of the System Diagram Board, but shall have figured the same in his total contract bid sum.

Mr. William Volk, an employee of the State of Illinois and the Supervising Architect, stated that the purpose of Article 22 dealing with Cash Allowances is a standard provision in the General Conditions section of the contract, the purpose of which is to put all bidders on an equal footing in bidding on particular items with reference to which, for various reasons, would be difficult.

The facts which are undisputed show that the claimant purchased the Systems Diagram Board for the sum of $850.00 and that it was installed by the maintenance personnel of Galesburg State Hospital without any charge to claimant.

Claimant bases its contention that it is entitled to the sum of $3,200.00 on the grounds that Mr. Volk, the Supervising Architect, did not personally give any direction to the Edwards Construction Company as to who should manufacture the board or the price to be paid and that in the absence of such personal directions from the Supervising Architect, the bid figure of $3,200.00 should control.

The record shows that no directive on the subject of the board's manufacturing cost came from the supervising architect's office or its employees bid figure of $3,200.00 should control.

The record shows that no directive on the subject of the board's manufacturing cost came from the supervising

architect's office or its employees but did come from Mr. Sam Sibley, an employee of the State, who was the electrical engineer on the job. The record does not disclose the source of Mr. Sibley's authority to issue the directives called for by Article 22 but such directives were acknowledged. Mr. Edwards and he acted upon the same.

It is the opinion of this Court that the sum of $850.00 is the amount due and owing to the claimant and an award of said amount is hereby entered.